IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

OLIVER DIRE, a single individual, ) Case No.:
) 
  Plaintiff, )
v )
) **SUMMONS**
CHARLES H. BERESFORD CO, Washington )
Corporation, )
)
  Defendants. )

TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled Court by the above-named plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20 days after service, or within 60 days after the service of this Summons if served outside the State of Washington, excluding the day of service, or a Default Judgment may be entered against you without notice. A Default Judgment is one where the plaintiff is entitled to what is asked because you have not responded. If you serve a Notice of Appearance on the undersigned attorney, you are entitled to notice before a Default Judgment may be entered.

You may demand that the plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the plaintiff. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the Court, or the service on you of this Summons and

SUMMONS - 1

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

1 | Complaint will be void. If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this __4__ day of August, 2020.

COGDILL NICHOLS REIN
WARTELLE ANDREWS

By: Douglas Wartelle, WSBA 25267
Attorney for Plaintiff

SUMMONS - 2

COGDILL NICHOLS REIN
WARTELLE ANDREWS
3232 Rockefeller Avenue
Everett, WA 98201
Phone: (425) 259-6111
Fax:   (425) 259-6435

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| OLIVER DIRE, a single individual<br><br>Plaintiff,<br><br>v.<br><br>Charles H. Beresford CO, Washington corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff Oliver Dire and complains of against Defendant Charles H. Beresford CO, a group of inter-related Washington corporations with business operations Washington, as follows:

## I. NATURE OF THE CASE

Oliver Dire was a top flooring contractor for defendant Beresford since October 3, 1995.

Plaintiff, Oliver Dire developed a substance abuse disease which the defendant became aware of. The defendant did not allow plaintiff to utilize the company's medical insurance to seek treatment even though defendant offered treatment options to other employees who returned to work. Oliver Dire received positive employment evaluations and reviews throughout his employment with defendants.
Defendant purchased a 2016 Cadillac for Oliver Dire right before termination date August 7, 2017. No explanation giving for the abrupt termination.
Defendant presented the plaintiff with a non-competition agreement preventing plaintiff from working in the industry for 2 years. Plaintiff did not sign nor execute any agreements with the Defendant. Plaintiff eventually was incarcerated because of his substance abuse disease.

COMPLAINT FOR DAMAGES - 1

Oliver Dire
5518 143rd Seattle
WA 98122
(206) 324-8969



## II. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Dire is and was at all times material to this action, a resident of King County, Washington.

2. Defendants (hereinafter, Beresford) are one or more Washington corporations doing business as a single employer, including in King County, Washington.

3. "Chas. H Beresford Co." employed Plaintiff, Dire starting October 3, 1995 as a estimator and salesperson.

4. This Court has jurisdiction over the parties and claims herein pursuant to RCW 2.08.010. Venue is proper in this Court under RCW 4.12.025.

## III. FACTUAL ALLEGATIONS

5. Mr. Dire was hired at Chas. H. Beresford Co. October 3, 1995

6. Chas H. Beresford is the chief executive and operations leader of Defendant CO.

7. Plaintiff, Mr. Dire received positive employment evaluations and reviews throughout his employment with Beresford Co.

8. Plaintiff, Dire did not receive any discipline or corrective employment action during his employment with Defendants.

9. Plaintiff, Dire was a top salesperson and installer for 20 years.

COMPLAINT FOR DAMAGES - 2

Oliver Dire
5518 143rd ~~Seattle~~ EDMONDS
WA ~~98122~~ 98126
(206) ~~324-8969~~ 948-8608

10. No investigation by human resources was conducted into Mr. Dire's request for medical assistance before his termination.

11. Ted Beresford, General Manager had direct or chain of command supervisory authority over Plaintiff, Dire during his employment.

12. As a result of the workplace harassment based on Plaintiff substance Abuse disease Defendant, illegal actions, and inaction, proximately caused Plaintiff, Dire has experienced anger, sadness, frustration, and other forms of emotional distress.

13. As a result of his termination, which was motivated in part by his substance abuse disease Plaintiff has experienced lost wages.

14. Beresford CO. actions were taken with reckless disregard or callous indifference to Plaintiff Dire's civil rights.

15. The above referenced examples are parts of a wider pattern and practice of discrimination based on race, color, national origin, and retaliation on the part of Defendant Charles H. Beresford CO.

16. The Defendant Charles H. Beresford CO is liable for the actions of its agents, and its employees and managers under the doctrine of respond eat superior.

COMPLAINT FOR DAMAGES - 3

Oliver Dire
5518 143rd Seattle
WA 98122
(206) 324-8969

## IV. CAUSES OF ACTION

Plaintiff realleges and incorporates the allegations above to each of the following:

1. **Hostile Work Environment in Violation of State & Federal Laws.** Defendant created and maintained an intimidating, hostile or offensive work environment, including because of race, national origin, and/or retaliation for complaining about discrimination. Charles H. Beresford CO's actions violated the Civil Rights Act of 1866, 42 U.S.C. § 1981, *et seq.*, and the Washington Law Against Discrimination, RCW 49.60. As a proximate result of Charles H. Beresford CO's discrimination, Plaintiff, Dire has been damaged in amounts to be proven at trial.

2. **Other Claims.** Plaintiff, Dire reserves the right to conduct discovery into alternative claims ADA (American Disability Act of 1990) (42 USC 1210) and additional defendants and to amend these charges, as necessary.

Washington Law Against Discrimination, RCW 49.60

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages as appropriate to compensate for such injuries, as described above, under law as appropriate, including:

1. Lost past wages and the value of benefits;
2. Unpaid wages;
3. "Front pay" and benefits through the time of trial and for a reasonable period into the future;
4. Compensation for impaired future earning capacity, if any;
5. Punitive damages;

COMPLAINT FOR DAMAGES - 4

Oliver Dire
5518 143rd Seattle
WA 98122
(206) 324-8969

6. Prejudgment interest;

7. Damages for humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish and other forms of emotional distress he has experienced, in amounts to be proven at trial;

8. That he be awarded all other actual damages pursuant to RCW 49.60 and other applicable law;

9. That the court award attorneys' fees and actual costs; and

10. For such other and further relief as this court deems just and equitable.

RESPECTFULLY SUBMITTED AND DATED this 30th day of July 2020.

OLIVER DIRE

By: Oliver Dire
5518 143rd Street SW
Edmonds, Washington 98026
Telephone: (425) 948- 8608

*[signature]*

COMPLAINT FOR DAMAGES - 5

Oliver Dire
5518 143rd Seattle
WA 98122
(206) 324-8969

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| OLIVER DIRE | NO. 20-2-12111-8 SEA |
|---|---|
| Plaintiff(s) | ORDER SETTING CIVIL CASE SCHEDULE |
| vs | |
| | ASSIGNED JUDGE: SPECTOR, Dept. 03 |
| CHARLES H. BERESFORD CO | |
| | FILED DATE: 08/04/2020 |
| Defendant(s) | TRIAL DATE:08/02/2021 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (Schedule)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].
 **You are required to give a copy of these documents to all parties in this case.**

1

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 08/04/2020 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | 01/12/2021 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 01/12/2021 |
|  | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 01/26/2021 |
|  | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 03/01/2021 |
|  | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 04/12/2021 |
|  | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 04/26/2021 |
|  | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 04/26/2021 |
|  | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 06/14/2021 |
|  | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 07/06/2021 |
|  | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 07/12/2021 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 07/12/2021 |
|  | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 07/19/2021 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 07/26/2021 |
|  | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 07/26/2021 |
|  | Trial Date [See KCLCR 40]. | 08/02/2021 |

The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:     08/04/2020

_____
PRESIDING JUDGE

1

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $250 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $400 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

1

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

### MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule

1

7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court**. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

C. Form
Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count

includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____
PRESIDING JUDGE

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| OLIVER DIRE<br><br>vs<br><br>CHARLES H. BERESFORD CO | No. 20-2-12111-8 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

MSC - Miscellaneous

**AREA OF DESIGNATION**

SEA — Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.